In the Matter of KIM M. KLINGER, Respondent, v STATE OF NEW YORK, Respondent, and DELAWARE COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant. (Claim No. 78562.) [649 NYS2d 562] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: The Court of Claims properly granted claimant's motion for approval of a proposed supplemental needs trust (see, Social Services Law § 366 [2] [b] [2] [iii] [A]; EPTL 7-1.12 [a] [2]) to be funded by the proceeds of a settlement with the State of New York on claimant's action for medical malpractice. The preexisting liens (see, Social Services Law § 104-b) of the Delaware County Department of Social Services (DSS) for medical assistance paid on claimant's behalf need not be satisfied prior to the funding of that trust (see, Cricchio v Pennisi, 220 AD2d 100). We reject the contention of DSS that, because the State is providing the proceeds of the settlement, the use of those proceeds as the corpus of the trust without first satisfying the liens violates the provisions of the State Constitution against gifts or loans of public funds. The State is making payment to the claimant in settlement of a personal injury cause of action against the State. Payment made in recognition of a claim made against the State is not a gift (see, People v Westchester County Natl. Bank, 231 NY 465, 476).

The exculpatory clause in the proposed trust agreement, which provides that the trustee may not be held liable for any losses resulting from his exercise or non-exercise of any trust powers so long as the trustee is not guilty of willful malfeasance or fraud, is improper (see, Matter of Goldblatt, 162 Misc 2d 888, 893). There is nothing improper, however, about paragraph 6 (n) of the trust agreement because under paragraph 4 the

trustee does not have the power to invade the trust or take the potential course of action that DSS complains would be improper.

Therefore, we modify the order by striking the exculpatory clause from the proposed supplemental needs trust approved by the court. (Appeal from Order of Court of Claims, Israel Margolis, J.—Social Services Law.) Present—Green, J. P., Lawton, Fallon, Callahan and Doerr, JJ.